J-A08042-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDRA L. SPIEL, | : IN THE SUPERIOR COURT OF |
| | :       PENNSYLVANIA |
| Appellee | : |
| | : |
| v. | : |
| | : |
| KEVIN J. SPIEL, | : |
| | : |
| Appellant | :   No. 2062 EDA 2017 |

Appeal from the Order Entered May 30, 2017
in the Court of Common Pleas of Bucks County
Family Division at No(s): 1987-63737 D

BEFORE:   PANELLA, LAZARUS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED JUNE 13, 2018**

Kevin J. Spiel (Husband) appeals from a May 30, 2017 order, which allocated a portion of his future retirement benefit to his ex-wife, Sandra L. Spiel (Wife).  Upon review, we affirm.

Husband and Wife were married on September 20, 1980.  They separated in October 2003, and a complaint in divorce was filed thereafter.[1]  On October 31, 2011, a divorce decree was entered, which incorporated a property settlement agreement.  Relevant to this appeal, the parties agreed that

_____

[1] According to the trial court, the complaint was filed by Husband on March 3, 2006. Trial Court Opinion, 8/22/2017, at 1.  However, at the master's hearing, the master stated that the divorce was filed on January 2, 2004. N.T., 10/31/2004, at 5.  In any event, it does not matter for the disposition of this appeal.

*Retired Senior Judge assigned to the Superior Court.

> [W]ife will receive 62.5 percent of the marital portion of the [federal government retirement accounts], [H]usband will receive the balance of 37.5 percent of the marital portion, as well as the nonmarital portion…. The parties agree that if [H]usband has not yet retired by the time he is 67 and a half years old, he will pay to [W]ife an amount equal to [W]ife's share [of the retirement account] as of the most recent statement.

N.T., 10/31/2011, at 5-6.

Approximately six months later, Wife filed a petition for contempt claiming that Husband refused to sign the documentation to effectuate the terms of this agreement. That petition was never litigated. Wife re-filed the petition on December 15, 2016. The trial court scheduled a hearing for January 27, 2017. Neither Husband nor his attorney appeared. The trial court heard Wife's testimony and argument from her attorney, and "instructed [Wife's] counsel to prepare a proposed [o]rder granting the relief requested and [to] send it to the [trial court] for signature." Trial Court Opinion, 8/22/2017, at 3. Counsel followed these instructions.

Subsequently, counsel for Husband contacted the trial court "and explained that his failure to appear was due to his supposed confusion with local Bucks County Court Rules and … he had every intention to appear with [Husband] to defend against the [p]etition but had misunderstood that the hearing would actually be conducted as scheduled." *Id*. at 4. The trial court advised counsel for Husband to file a motion for reconsideration. Counsel for Husband "apparently had a very difficult time filing the reconsideration paperwork." *Id*. "After three failed attempts, the [t]rial [c]ourt … instructed

its [l]aw [c]lerk to provide [] counsel with some guidance as to how to correct the filing." *Id*. The motion was filed correctly on April 11, 2017, and "out of an abundance of caution to protect Husband's right for an opportunity to be heard," the trial court granted reconsideration and scheduled a hearing for May 18, 2017. *Id*. at 4-5.

Husband did not appear at the May 18, 2017 hearing, but counsel for Husband did appear. The trial court attempted to have counsel "address the primary purpose of the hearing, *i.e.*, what concerns did [Husband] have with [Wife's] proposed [o]rder and how was the language of the proposed [o]rder in any way inconsistent with the language of the" agreement. *Id*. at 5. However, according to the trial court, "[a]fter repeated and increasingly frustrating exchanges with [Husband's] counsel, it became apparent that [Husband's] counsel was unable or unwilling to answer the fundamental question." *Id*. Counsel again claimed to have "misunderstood … the purpose of the hearing." *Id*. at 6. Accordingly, the trial court granted Wife's "request for her long delayed relief, and signed the proposed [o]rder. This absurd [a]ppeal has followed."[2] *Id*.

_____

[2] The trial court directed Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The four-page statement filed by Husband does not "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(b)(4)(ii). In fact, it does not identify any errors at all; rather, as the trial court points out, Husband's statement "is seemingly a recitation of his prior [m]otion for

On appeal, Appellant appears to present one issue: "Did the trial court alter the parties' contract?"[3] Husband's Brief at 3.

Our review of this issue has been substantially impeded by the failure of Husband to request and file a transcript of either the January 27 or the May 18, 2017 hearings in compliance with Pa.R.A.P. 1911(a) ("The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor[.]").

> [W]ell-settled Pennsylvania law makes clear an appellate court is limited to considering only the materials in the certified record when resolving an issue. Where the appellant has not made the transcript of the proceedings at issue a part of the certified record, we have said:
>
>> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a)…. When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or

_____

[r]econsideration," and "is essentially one long argument attempting to explain why the May 18, 2017 [o]rder entered by [the trial court] is potentially not consistent with the" settlement agreement. Trial Court Opinion, 8/22/2017, at 6-7. Despite Husband's non-compliance with Pa.R.A.P. 1925(b), the trial court filed an opinion.

[3] Our rules provide that "[b]riefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be … dismissed." Pa.R.A.P. 2101. Here, while Husband's brief may be technically compliant with the rules, his rambling, 20-page argument section is simply incomprehensible. Nevertheless, due to other deficiencies in the appeal, we will not dismiss it on this basis.

> transcripts must be deemed waived for the purpose of appellate review.

***Commonwealth v. Houck***, 102 A.3d 443, 456 (Pa. Super. 2014) (internal citations omitted).

Here, there is no indication that Husband requested the transcripts, and they are not part of the certified record. Yet, on appeal, Husband contends primarily that the trial court erred by enforcing the agreement. The basis for the trial court's enforcement of the agreement was based on Wife's testimony on January 17, 2017, and Husband's opposition on May 18, 2017. Thus, we conclude that this claim cannot be reviewed without these transcripts. Accordingly, Husband has waived his issue on appeal for failure to ensure the inclusion of the transcripts in the certified record.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/18